IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.                                              CRIMINAL 06-0273 (JAG)

[2] JOSUE ROSA-TOSADO,

Defendant

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11(c)(1)(A) & (B) PROCEEDINGS (PLEA OF GUILTY)</u>

I.      Personal Background

On August 30, 2006, Josue Rosa-Tosado, the defendant herein, was charged in a three count-indictment.  He is charged in counts one and two of the indictment and count three is a forfeiture count.  The defendant agrees to plea guilty to counts one and three of the indictment.

Count one charges that the defendant from on or about and between the beginning of August 2006, through August 24, 2006, in the District of Puerto Rico, and within the jurisdiction of this court, defendant and codefendant herein, aided and abetted by each other and others unknown to the Grand Jury, did knowingly and intentionally conspire, confederate, and agree with each other and others unknown to the Grand Jury, to possess with intent to distribute five kilograms (gross weight) or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 846; and 18 U.S.C. § 2.

Count three charges that as a result of the offenses alleged in counts one and two, defendant and codefendant herein, having violated 21 U.S.C. § 841(a)(1) and

CRIMINAL 06-0273 (JAG)                           2

§ 846, shall forfeit to the United States of America any and all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said violations, including, but not limited to, the following:  a sum of money equal to $317,680 in United States currency representing the amount of money paid by the defendants to facilitate their violations of counts one and two.

Defendant filed a motion for change of plea on March 29, 2007.

II.     Consent to Proceed Before a Magistrate Judge

On June 14, 2007, while assisted by Jorge Maldonado Ríos, Esq., the defendant, by consent, appeared before me in order to change his previous not guilty plea to a plea of guilty as to count one of the indictment.

In open court the defendant was questioned as to the purpose of the hearing being held.  The defendant responded that the purpose of the hearing was to plead guilty.  The defendant was advised of his right to have all proceedings, including the change of plea hearing, before a United States district judge.  Defendant was given notice of:  (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful (he was also explained that the consequences of lying under oath could lead to a perjury charge); and (c) his right to have the change of plea proceedings presided over by a district judge instead of a magistrate judge.  The defendant was also explained the differences between the appointment and functions of the two.  The defendant consent to proceed before this magistrate judge.

III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure

A. Compliance With Requirements Rule 11(c)(1)

CRIMINAL 06-0273 (JAG)                    3

> Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

In response to further questioning, defendant was explained and he understood that if convicted on count one he may be sentenced to a term of imprisonment of not less than five years and not more than 40 years, a fine not to exceed $2,000,000, and a term of supervised release of at least four years in addition to any term of incarceration, pursuant to 21 U.S.C. § 841(b)(1)(A)(ii) and 18 U.S.C. §§ 3571 and 3583. As to count three, the defendant agrees to forfeit a sum of money equal to $280, 298.29.[1]

Prior to defendant's change of plea hearing, the defendant shall pay a special monetary assessment of $100, per offense of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a).

The defendant is aware that the court may order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the court may impose restitution.

---

[1] Although a total of $317,680 was seized from the defendant at the time of his arrest, the defendant is disputing the forfeiture of $37,381.71 in Civil 07-1370(FAB).

CRIMINAL 06-0273 (JAG)                    4

Defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea if he was unhappy with the sentence of the court.  The defendant understood this.

Defendant was explained what the supervised release term means.  It was emphasized that cooperation with the United States Probation officer would assist the court in reaching a fair sentence.

Emphasis was made on the fact that at this stage, no prediction or promises as to the sentence to be imposed could be made by anyone.  Defendant responded to questions in that no promises, threats, inducements or predictions as to what sentence will be imposed have been made to him.

B. Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.  To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2.  To testify or not to testify at trial, and that no comment could be made by the prosecution in relation to his decision not to testify.

3.  To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4.  To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of competent evidence.

CRIMINAL 06-0273 (JAG)						5

5.	To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

C.	Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and would be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that when he were under supervised release, and upon violating the conditions of such release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.

D.	Plea Agreement

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that:

1.	The plea agreement is not binding upon the sentencing court.

2.	The plea agreement is an "agreement" between the defendant, defense attorney and the attorney for the government which is presented as a

CRIMINAL 06-0273 (JAG)                6

recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3. The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4. In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the possible maximum penalty prescribed by statute.

5. Should the defendant meet all the requirements of the "safety valve" provisions of U.S.S.G. § 5C1.2, then the defendant would be entitled to a further two level reduction in the base offense level.

6. The defendant understands that if the court accepts this agreement and sentences defendant according to its terms and conditions, defendant waives and surrenders his right to appeal the conviction and sentence in this case.

Defendant acknowledged having understood this explanation.

E. Government's Evidence (Basis in Fact)

The government presented a proffer of its evidence with which the defendant basically concurred.

Accordingly, it is determined that there is a basis in fact and evidence to establish all elements of the offense charged.

F. Voluntariness

The defendant accepted that no leniency had been promised, no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty. He came to the hearing for the purpose of pleading guilty and listened

CRIMINAL 06-0273 (JAG)                    7

attentively as the prosecutor outlined the facts which it would prove if the case had proceeded to trial.

IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to counts one and three of the indictment.

After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that the defendant Josue A. Rosa-Tosado is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.

Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to counts one and three of the indictment. At sentencing the government will request the dismissal of count two.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court within five (5) days of its receipt. Rule 510.1, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

At San Juan, Puerto Rico, this 17th day of June, 2007.

                                    S/ JUSTO ARENAS
                            Chief United States Magistrate Judge